IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERDINAND RICHARD BALCAR,

    Petitioner,                   2: 09 - cv - 1541 - TJB

    vs.

RICHARD B. IVES


    Respondent.                <u>ORDER</u>
_____/

## I. INTRODUCTION

    Petitioner is a federal prisoner proceeding *pro se* with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented in June 2009 to have a United States Magistrate Judge conduct all further proceedings in this case. Respondent consented in September 2009.

    Petitioner is currently serving a life sentence after being convicted of four counts of bank robbery with a weapon in violation of 18 U.S.C. § 2113(a) & (d) in the United States District Court for the District of Nevada. (<u>See</u> Resp't's Answer Ex. 3.) Petitioner is currently incarcerated at FCI - Herlong. In addition to his sentence, Petitioner was ordered to pay criminal penalties in the amounts of $200 in assessment and $11,952.01 in restitution. (<u>See</u> <u>id.</u>) The

District of Nevada ordered Petitioner to pay these criminal penalties "in full immediately." (See id.)

Petitioner is enrolled in the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP). (See Resp't's Answer Ex. 4.) The IFRP is a voluntary program in which inmates are encouraged to meet financial obligations through the provision of incentives. See 28 C.F.R. § 545.10 et seq. "As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmates efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." 28 C.F.R. § 545.10. Although the program is voluntary, failure to participate has a variety of consequences, such as:

> (1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate;
> (2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough)
> (3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;
> (4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;
> (5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require approval of the Warden;
> (6) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates. This more stringent commissary spending limitation for IFRP refusees shall be at least $25 per month, excluding purchases of stamps, telephone credits, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;
> (7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);
> (8) The inmate will not be placed in a community-based program;
> (9) The inmate will not receive a release gratuity unless approved by the Warden;
> (10) [Reserved]
> (11) The inmate will not receive an incentive for participation in residential drug treatment programs.

Id. at § 545.11(d).

## II. PROCEDURAL HISTORY

Petitioner filed the instant habeas petition in June 2009. Petitioner argues that Respondent "is simply not authorized to collect . . . payments through the . . . IFRP and . . . may not penalize [him] for failing to participate in the BOP's forced payment scheme." (Pet'r's Pet. Ex. at p. 3.) In support of his argument, Petitioner relies on the Mandatory Victims Restitution Act (MVRA) which states that, "[u]pon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule to which, the restitution is to be paid[.]" 18 U.S.C. § 3664(f)(2). Relying on the language "the court shall" in the MVRA, Petitioner argues that, "[b]y the plain terms of the restitution order issued in this case, [he] does not have an obligation to follow BOP's restitution payment schedule while he is in custody because the sentencing court did not fix a schedule for payments for the period of imprisonment." (Pet'r's Pet. Ex. at p. 3.) Petitioner requests to have Respondent, "cease and desist in all IFRP collection activities relative to [Petitioner's] Restitution obligations. by [sic] Ordering [Petitioner] IFRP exempt; and, prohibit [Respondent] from taking retaliatory action against [Petitioner] by placing him on IFRP refusal status." (Pet'r's Pet. Ex. at p. 6.)

Respondent answered the petition on September 19, 2009. Respondent makes several arguments in his answer. First, he argues that there is no subject matter jurisdiction over Petitioner's § 2241 habeas petition. Second, Respondent argues that Petitioner failed to exhaust under the Prisoner Litigation Reform Act (PLRA), or alternatively even if the PLRA is inapplicable, that no futility exception should be granted due to Petitioner's failure to exhaust. Finally, Respondent argues that the petition can also be denied on the merits should they need to be reached at this time.

## III. SUBJECT MATTER JURISDICTION

Respondent first argues that there is no subject matter jurisdiction over Petitioner's § 2241 habeas petition. He asserts that Petitioner is attacking the conditions of his confinement

such that Petitioner should have brought this action as a civil rights complaint.  (See Resp't's Answer at p. 12.)  Contrary to Respondent's argument, there is subject matter jurisdiction over Petitioner's § 2241 petition.  Challenges to the IFRP payments concern the execution of a sentence and are therefore correctly framed as § 2241 claims.  See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); see also United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for writ of habeas corpus under 28 U.S.C. § 2241.").

## IV.  EXHAUSTION

Respondent next asserts that the habeas petition should be dismissed due to Petitioner's failure to exhaust his administrative remedies.  Respondent first relies on the PLRA which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as available are exhausted."  42 U.S.C. § 1997e(a).  Respondent's citation to the PLRA is misplaced under these circumstances.  The PLRA exhaustion requirement is not applicable in this § 2241 case.  See Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 235 (6th Cir. 2006) ("§ 2241's exhaustion requirement is not statutorily required"); Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004) (per curiam) (holding that PLRA does not apply to § 2241 petitions) (citing Anderson v. Singletary, 111 F.3d 801, 803-05 (11th Cir. 1997); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Walker v. O'Brien, 216 F.3d 626, 633-34, 636-37 (7th Cir. 2000); Blair-Bey v. Quick, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998); Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)); Reynoso v. Sanders, Civ. No. 09-4316, 2009 WL 4048791, at *1 (C.D. Cal. Nov. 20, 2009); Garcia v. Sanders, Civ. No. 09-4188, 2009 WL 2970384, at *1 n. 1 (C.D. Cal. Sep. 15, 2009), aff'd, No. 09-56682, 2011 WL 2182615 (9th Cir. June 6, 2011).

Even though the PLRA is not applicable under these circumstances, a federal prisoner

seeking habeas relief still must exhaust all administrative remedies. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created and is not a statutory requirement. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by, Reno v. Koray, 515 U.S. 50 (1995). If a petitioner has not exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. Factors weighing in favor of requiring exhaustion include whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage deliberate bypass of the administrative remedy scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. See Noreiga-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003).

Petitioner admits that he has not exhausted his administrative remedies. However, he asserts that any attempt to exhaust would be futile. (See Pet'r's Pet. Ex. at p. 6.) In support of his argument, Petitioner argues that he "has been informed by [Respondent's] subordinate BOP employees that [Respondent] adopts the position that under the MVRA he has authority to set a schedule, despite the order's deficiencies and will not revisit the matter absent a direct order from the Court." (Pet'r's Pet. Ex. at p. 6.)

Proper exhaustion requires that an inmate comply with the BOP's rules governing filing and prosecution of a complaint. See, e.g., Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedures because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Petitioner has not attempted to make use of the BOP's administrative remedy process, let alone exhaust it. See 28 C.F.R. §§ 542.13-15 (outlining requirements that an inmate must attempt which includes filing a written complaint to the

1  warden, then appeal to the regional director and finally to the general counsel).  Here, Petitioner
2  filed no formal administrative complaint.   Reaching the merits of Petitioner's § 2241 habeas
3  petition at this time would encourage deliberate bypass of the administrative remedy scheme in
4  place.  See Noreiga-Lopez, 335 F.3d at 881; see also Ward v. Chavez, Civ. No. 09-246, 2009 WL
5  2753024, at *4 (D. Ariz. Aug. 27, 2009) (explaining as one of the reasons that exhaustion would
6  not be excused that petitioner "did not even submit his *own* internal grievance that was rejected
7  by the BOP for the Court's consideration in determining whether exhaustion in this case would
8  be futile"); Turner v. Wilner, Civ. No. 08-1454, 2008 WL 4610262, at *2 (D. Colo. Oct. 16,
9  2008) (noting that exhaustion would not be excused as futile where petitioner failed to
10  demonstrate that he filed any administrative remedy request regarding the issue raised in his §
11  2241 petition).  As the United States Supreme Court has explained, "the benefits of exhaustion . . .
12  . include allowing a prison to address complaints about the program it administers before being
13  subject to suit, reducing litigation to the extent complaints are satisfactorily resolved, and
14  improving litigation that does occur by leading to the preparation of a useful record.  See Jones v.
15  Bock, 549 U.S. 199, 219 (2007).  Under these circumstances, Petitioner's admitted lack of
16  exhaustion will not be excused.  Thus, the action will be dismissed without prejudice.
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE due to Petitioner's failure to exhaust administrative remedies; and

2. The Clerk is directed to close the case.

DATED: August 22, 2011

_____
TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE